IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| AARON C. HUBBARD, | ) |
|    Petitioner, | ) |
| v. | )    CIVIL ACTION NO. 5:23-00167 |
| FCI BECKLEY WARDEN HECKARD, | ) |
|    Respondent. | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

On February 27, 2023, Petitioner, acting *pro se*, filed his Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Document No. 1.) Petitioner, however, did not file an Application to Proceed Without Prepayment of Fees or Costs or pay the required filing fee ($5.00). See 28 U.S.C. §§ 1914(a); 1915(a). By Order entered on March 1, 2023, the undersigned "**ORDERED** that Petitioner shall have thirty (30) days from the date of entry of this Order to either pay the $5.00 filing fee, or submit the appropriate Application to Proceed Without Prepayment of the Fees and Costs with the Certificate portion completed and Authorization to Release Institutional Account Information." (Document No. 3.) The undersigned further warned Petitioner that failure "to pay the filing fee or file a proper Application to Proceed Without Prepayment of Fees and Costs within thirty (30) days from the date of this Order will result in a recommendation of dismissal of this matter without prejudice." (Id.) By letter filed on July 13, 2023, Petitioner notified that Court that he was in process of sending the $5.00 filing fee. (Document No. 4.) By letter filed July 19, 2023, the Clerk's Office notified Petitioner that his filing fee had not been received. (Document No. 5.) After noting Petitioner's lack of activity in this case, the undersigned issued an Order on May 29, 2024, directing Petitioner to "show cause in writing on or before **June 7, 2024**, as to why this

action should not be dismissed for failure to prosecute." (Document No. 6.) The undersigned specifically notified Petitioner as follows:

> Petitioner is hereby **NOTIFIED** that failure to show cause in writing by **June 7, 2024**, will result in a recommendation of dismissal of this matter with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure[1] and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia.

(Id.) Since July 13, 2023, Petitioner has made no contact with this Court. (Document No. 4.)

## ANALYSIS

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the inherent power to dismiss an action for a *pro se* Petitioner's failure to prosecute *sua sponte*.[2] See Link v. Wabash Railroad Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962). Rule 41.1 of the Local Rules provides:

> **Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

---

[1] Rule 41(b) of the Federal Rules of Civil Procedure provides:
**(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to comply with these rules or any order of court, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - - operates as an adjudication on the merits.

[2] Rule 41(b) of the Federal Rules of Civil Procedure provides:
**(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to comply with these rules or any order of court, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - - operates as an adjudication on the merits.

Although the propriety of a dismissal "depends on the particular circumstances of the case," in determining whether to dismiss a case involuntarily for want of prosecution, the District Court should consider the following four factors:

(i) the degree of personal responsibility of the plaintiff;
(ii) the amount of prejudice caused the defendant,
(iii) the existence of a history of deliberately proceeding in a dilatory fashion, and
(iv) the existence of a sanction less drastic than dismissal.

Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). In consideration of the first factor, the Court finds that the delays in this case are attributable solely to Petitioner as the Respondent has not been required to make an appearance in this action. Petitioner was specifically directed to pay the $5.00 filing fee and he has failed to do so. With respect to the second and third factors, the record is void of further evidence indicating that Petitioner has a history of "deliberately proceeding in a dilatory fashion" or that the Respondent has been prejudiced by the delays in this case.

In consideration of the fourth factor, the Court acknowledges that a dismissal under either Rule 41(b) or Local Rule 41.1 is a severe sanction against Petitioner that should not be invoked lightly. The particular circumstances of this case, however, do not warrant a lesser sanction. An assessment of fines, costs, or damages against Petitioner would be unjust in view of Petitioner's failure to pay the filing fee. Moreover, explicit warnings of dismissal would be ineffective in view of Petitioner's failure to respond to the undersigned's Order entered on May 29, 2024 advising Petitioner that the undersigned would recommend dismissal if Petitioner failed to pay the filing fee. (Document No. 6.) In consideration of all factors, the undersigned concludes that dismissal for failure to prosecute is warranted. Accordingly, the undersigned recommends that this action be dismissed without prejudice unless Petitioner is able to show good cause for his failure to prosecute.

...

## **PROPOSAL AND RECOMMENDATION**

The undersigned hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS**, that the District Court **DISMISS** Petitioner's Section 2241 Petition (Document No. 1), and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Frank W. Volk. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Volk, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

ENTER: July 12, 2024.



Omar J. Aboulhosn
United States Magistrate Judge